In The Matter of Revocation of Restaurant Liquor License No. R-149 etc.

Firenze Tavern Corporation, Appellant.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

582

*Gary A. Griedberg,* with him *Cohen, Pincus, Verlin, Hahn, Reich and Sherzer,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, JR., October 24, 1979:

The Pennsylvania Liquor Control Board (Board), having issued a citation to appellant, and after a hearing, ordered appellant's Restaurant Liquor License suspended for a period of 45 days. The Board found as a fact: "The licensee, by its servants, agents or employes permitted upon the licensed premises solicitation of patrons for immoral purposes, on November 25, December 14, 1977." On appeal to the court of common pleas a de novo trial was conducted and the order of the Board was affirmed. At the conclusion of the trial and after argument Judge GAFNI stated, "I will affirm the order of the Board. I really have very little difficulty doing so." We will affirm the order of the court of common pleas and have very little difficulty.

The citation being for permitting on the licensed premises solicitation of patrons for immoral purposes,

the police officer testified that females in appellant's bar approached him, asked him to buy them a drink, and asked him if he wanted to buy any sex from them. One offered to get another girl for his friend. This other girl asked the officer if he would like to have sex with her for thirty dollars and eight dollars for a room. This took place in the presence of the bartender who was a few feet away. The officer provided a detailed description of the activities in the appellant's bar between patrons, the bartender, and the females present.

In a word, appellant bases his appeal on the fact that the lower court permitted the police officer, over appellant's objection, to testify what the girls said when he was asked to buy sex. Appellant asserts this is hearsay and not admissible. We cannot agree. While this was an unsworn statement made by a person not presently testifying and therefore not subject to cross-examination, it was not offered to show the truth of the statement but only the fact it was made under the circumstances described. A detailed discussion of this well known principle of evidence is made unnecessary by Justice POMEROY's able discussion and collection of Pennsylvania cases in *Commonwealth v. Wright*, 455 Pa. 480, 317 A.2d 271 (1974). Probably the most recent case on all fours that we have found is *Commonwealth v. DiSilvio*, 232 Pa. Superior Ct. 386, 335 A.2d 785 (1975). In that case the defendant was convicted of bookmaking and poolselling. The police officer testified to having telephone conversations with persons who were calling in to defendant's establishment to place bets. The court held that such conversations were not hearsay and were admissible since the fact that the conversation took place is evidence of the crime. Such is the instant case when the conversation is to solicit sex rather than place a bet.

584

Accordingly, we will enter the following

Order

And Now, October 24, 1979, the order of the Court of Common Pleas of Philadelphia County dated October 16, 1978, in Misc. Motion No. 78-052283, affirming the suspension of appellant's Restaurant Liquor License for 45 days is affirmed.