770 A.2d 318

Carol RAMICH, in her own Behalf and as Parent and Guardian of Timothy J. Ramich, Appellant,

v.

WORKER'S COMPENSATION APPEAL BOARD (SCHATZ ELECTRIC, INC.), Appellee.

Supreme Court of Pennsylvania.

Argued Dec. 4, 2000.

Decided April 30, 2001.

Kenneth C. Myers, Reading, for Carol Ramich.

Marc S. Jacobs, Philadelphia, for AC-Assoc.

James A. Holzman, Amber M. Kenger, Mechanicsburg, for Worker's Compensation Appeal Board.

Joseph S. Bekelja, Sandra R. Craig, Philadelphia, for Schatz Electric, Inc.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

Carol Ramich (Ramich) appeals from an Order of the Commonwealth Court, which affirmed a decision of the Workers' Compensation Appeal Board (WCAB) that reversed the Workers' Compensation Judge's award of attorney's fees to Ramich. For the reasons discussed in this Opinion, we reverse.

## FACTS AND PROCEDURAL HISTORY

On November 4, 1994, Ramich filed a fatal claim petition on behalf of herself and her son. The petition alleged that Ramich's husband, Alvin Ramich (decedent), sustained fatal injuries on March 6, 1994, while in the course and scope of his employment as a licensed electrician for Schatz Electric, Inc. (Schatz). Decedent's death certificate indicated that he died of asphyxiation while operating a gasoline generator at a job site.

The parties attended three hearings before a Workers' Compensation Judge (WCJ). After the close of the evidentiary record, Ramich submitted a request for counsel fees to the WCJ in her Proposed Findings of Fact and Memorandum of

Law. By a decision circulated January 29, 1996, the WCJ found that Ramich had sustained her burden of proof on the fatal claim petition and awarded compensation benefits and funeral benefits to her and her son. In addition, the WCJ awarded attorney's fees and costs to Ramich pursuant to Section 440(a) of the Workers' Compensation Act (Act) [1] after finding that the fatal claim petition filed by Ramich had been unreasonably contested by Schatz.

Schatz appealed the decision of the WCJ to the WCAB, which reversed portions of the decision of the WCJ. The WCAB concluded that Ramich was not entitled to legal fees for an unreasonable contest because she had failed to request these fees before the close of the evidentiary record. Additionally, the Board reversed the WCJ's grant of benefits to decedent's son because the Act precludes the son from obtaining benefits while Ramich receives benefits.

Ramich appealed to the Commonwealth Court, which affirmed the disposition of the WCAB in an *en banc* and published opinion. *See Ramich v. W.C.A.B. (Schatz Electric, Inc.)*, 734 A.2d 39 (Pa.Cmwlth.1999). The Commonwealth Court found that the decedent's son was not entitled to benefits under Section 307(1)(a) [2] of the Act because Ramich, as decedent's widow, was already receiving benefits under the

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 996. Section 440 provides in part:

(a) In any contested case where the insurer has contested liability in whole or in part, . . . the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

2. 77 P.S. § 561(1)(a).

Act. Also, the court found that because Ramich did not request attorney's fees before the WCJ had closed the evidentiary record, the WCJ could not award such fees to Ramich. Relying upon its prior decision in *Mediq, Inc. v. W.C.A.B. (Steskal)*, 159 Pa.Cmwlth. 1, 633 A.2d 651 (1993), the court stated that by failing to request counsel fees on the record, Ramich had denied Schatz the opportunity to present a defense by way of legal argument or countervailing evidence. The court found that Ramich had ample opportunity to ask for fees on the record and her request in her Proposed Findings of Fact and Memorandum of Law came too late.

Both Judge McGinley and Judge Friedman dissented. Judge McGinley reasoned that Ramich had made a timely request for counsel fees on the record by submitting the fee agreement that she had with her attorney at the first hearing before the WCJ. Judge Friedman stated that Ramich was entitled to attorney's fees under the plain language of Section 440 of the Act. Judge Friedman reasoned that there is no legal authority for requiring a claimant to request a fee award for an unreasonable contest.

## DISCUSSION

We granted allocatur limited to the issue of whether the Commonwealth Court had incorrectly construed Section 440 of the Act to require a claimant to request an award of counsel fees prior to the close of the record.[3] We conclude that the Commonwealth Court erred and reverse.

■■■ Appellate review of matters arising under the Workers' Compensation Act is limited to discerning whether there was an error of law or a violation of constitutional rights, or whether there was substantial evidence to support the necessary findings of fact. 2 Pa.C.S. § 704; *LTV Steel Company, Inc. v. W.C.A.B. (Mozena)*, 562 Pa. 205, 754 A.2d 666, 673 (2000). Given that this appeal raises a question of law, our

3. Because we granted review limited to the existence of a request requirement under Section 440, we decline to address the parties' arguments as to the reasonableness of Schatz's contest to Ramich's claim.

scope of review is plenary. *Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

The Commonwealth Court has held that a claimant must request attorney's fees for an unreasonable contest and a WCJ may not award such fees *sua sponte. Ramich,* 734 A.2d at 43; *Essroc Materials v. W.C.A.B. (Braho),* 741 A.2d 820, 827 (Pa.Cmwlth.1999).[4] Not only is the request requirement of the Commonwealth Court contrary to the plain language of Section 440, but we also find the reasoning of the court for the requirement unpersuasive.

We begin with an examination of Section 440 of the Act to determine whether it mandates a request by a claimant for a fee award. Where the intent of the legislature is clear from the plain meaning of the statute, courts must not pursue statutory construction. 1 Pa.C.S.A. § 1921(b); *LTV Steel Company, Inc.,* 754 A.2d at 674. When the words of a statute are free from all ambiguity, we must not disregard the letter of the law under the pretext of pursuing its spirit. 1 Pa. C.S.A. § 1921(b); *Markle v. W.C.A.B. (Caterpillar Tractor Co.),* 541 Pa. 148, 661 A.2d 1355, 1360 (1995). Only when the language of the statute is ambiguous does statutory construction become necessary. 1 Pa.C.S.A. § 1921(c); *Oberneder v. Link Computer Corp.,* 548 Pa. 201, 696 A.2d 148, 150 (1997).

Section 440(a) provides that when an employer unreasonably contests a claim, "the employe or his dependent, as the case may be, in whose favor the matter at issue has been

4. There has been some conflict within the Commonwealth Court's precedent as to when a request for fees must be made. *See Blunt Ltd. v. W.C.A.B. (Riley),* 654 A.2d 253 (Pa.Cmwlth.1995) (upholding claimant's request for attorney's fees in proposed findings of fact and conclusions of law); *Mediq,* 159 Pa.Cmwlth. 1, 633 A.2d 651 (holding claimant's request for counsel fees must be made prior to the close of the evidentiary record); *Edwards v. W.C.A.B. (R.C. Kadyk Corp.),* 149 Pa. Cmwlth. 597, 613 A.2d 667 (1992) (upholding claimant's request for legal fees in brief following abbreviated hearing); *Eugenie v. W.C.A.B. (Sheltered Employment Service),* 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991) (upholding claimant's request for attorney's fees after the close of the evidentiary record); *Penczkowski v. W.C.A.B. (Foster Wheeler Energy Corp.),* 97 Pa.Cmwlth. 419, 509 A.2d 964 (1986) (holding that claimant was not entitled to a fee award for an unreasonable contest because claimant did not request fees from the referee).

finally determined in whole or in part *shall be awarded* ... a reasonable sum for costs incurred for attorney's fee." 77 P.S. § 996(a)(emphasis added). The statute also states "that cost for attorney fees *may be excluded* when a reasonable basis for the contest has been established by the employer or the insurer." *Id.* (emphasis added). The statute makes no mention of a claimant asking for counsel fees, but provides simply that they "shall be awarded." *Id.*

■ The language of Section 440(a) is plain and unambiguous. The legislature used "shall" to describe the duty of the WCJ in awarding fees for an unreasonable contest and it is clear that this provision is a mandatory directive. *See Commonwealth Dept. of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155, 1165 n. 13 (2000). Simply stated, a WCJ must award attorney's fees to a claimant who is victorious over an employer who has presented an unreasonable contest, whether the claimant asked for such fees or not.

Our analysis does not end here, however, because subsection (b) of Section 440 sets forth how a WCJ is to determine a fee award for an unreasonable contest. As every statute must be construed, if possible, to give effect to all its provisions, 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Biddle*, 411 Pa.Super. 210, 601 A.2d 313, 317 (1991), we examine the language of Section 440(b) to determine if it mandates a request on the part of the claimant for attorney's fees.

■ Section 440(b) states in relevant part:
the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

77 P.S. § 996(b). The clear wording of subsection (b) requires the WCJ to base the fee award upon the actual time and effort expended by claimant's counsel. While an argument can be made that Section 440(b) implicitly requires a claimant to request counsel fees while the original record is open, we find

that the plain language of Section 440(b) does not require a claimant to do so.[5] All that subsection (b) mandates is that once the WCJ has concluded that attorney's fees for an unreasonable contest should be awarded, the WCJ must base the award upon the record. 77 P.S. § 996(b); 77 P.S. § 833. As with subsection (a), nowhere in subsection (b) does it state that the claimant must seek a fee award. If the record substantially supports a finding as to the amount of time and effort actually expended by the claimant's attorney, then the WCJ may enter the award.[6] 77 P.S. § 996(b). We hold that

5. Whereas we find that the plain wording of Section 440(b) does not set forth a request requirement for claimants in order to obtain attorney's fees, we do not engage in an interpretation of the provision nor examine the legislature's intent. We note, however, that our conclusion that Section 440(b) does not require a claimant to request counsel fees is not contrary to the legislature's apparent purpose for adding subsection (b) to Section 440 in 1993. *See Nichols v. W.C.A.B. (Ramsey Construction)*, 713 A.2d 706, 709 n. 3 (Pa.Cmwlth.1998) (stating that when the legislature added subsection (b), it seems to have codified the common law established by the Commonwealth Court, which defined a reasonable fee under Section 440 using a quantum meruit standard).

6. A claimant could assure that the record substantially supports a potential award of attorney's fees for an unreasonable contest by submitting evidence to the WCJ of the actual time and effort expended by the claimant's attorney in prosecuting or defending the claim. Notably, 34 Pa.Code § 121.24 would appear to impose upon the WCJ or the Board the obligation to obtain from the claimant's attorney the necessary documentation prior to determining the amount of attorney's fees to be awarded. Neither the Act nor the governing regulations, however, set forth a specific procedure for ensuring that the facts underlying the claim for attorney's fees and their reasonableness are included within the record. *See* 77 P.S. § 440(b) (requiring the WCJ to make findings regarding the claimed fees); *see also Hartman v. WCAB (Moyer Packaging Co.)*, 161 Pa.Cmwlth. 255, 636 A.2d 1245, 1247 (1994) (remanding for factual findings on the work performed by a claimant's attorney to determine the reasonableness of counsel fees). Likewise, there is no provision to afford an employer the opportunity to offer countervailing evidence and argument concerning the reasonableness of the claimed fees. *See generally Todd Shipyards Co. v. Office of Workers' Compensation Programs*, 545 F.2d 1176, 1180–81 (9th Cir. 1976) (treating a claim for attorney's fees under the Longshore and Harbor Workers' Compensation Act as a separate proceeding of which the employer must be afforded notice and an opportunity to be heard); *see also Ballard v. Schweiker*, 724 F.2d 1094 (4th Cir.1984) (recognizing due process concerns where an employer has not been provided the opportunity to challenge the evidentiary basis for an attorney's fees assessment). Although the absence of such procedures may implicate due process concerns that could affect the validity of an award for

Section 440, in its entirety, does not require a claimant to request a fee award at any point during a workers' compensation proceeding.

 Our conclusion that Section 440 mandates an award of attorney's fees to a claimant in an unreasonable contest, regardless of a request by the claimant, is consistent with both the overall purpose behind the Workers' Compensation Act and the specific principles for Section 440. The Act is remedial in nature and its purpose is to provide quick and certain benefits to employees of the Commonwealth who suffer from work-related injuries. *Martin v. W.C.A.B. (Emmaus Bakery)*, 539 Pa. 442, 652 A.2d 1301, 1303 (1995). Courts should liberally construe the Act in favor of the claimant to effectuate its humanitarian objectives. *Harper & Collins v. W.C.A.B. (Brown)*, 543 Pa. 484, 672 A.2d 1319, 1321 (1996). Additionally, Section 440 is designed to discourage unreasonable contests of workers' claims by employers and to ensure that successful claimants receive compensation benefits undiminished by the costs of litigation. *Hill v. W.C.A.B. (Lentz Milling Co.)*, 146 Pa.Cmwlth. 524, 606 A.2d 614, 615 (1992).

We now examine the Commonwealth Court's basis for imposing a request requirement upon claimants. Without undergoing an analysis of the statutory language of Section 440, the Commonwealth Court read the request requirement into the provision for the first time in *Cooper–Jarrett, Inc. v. W.C.A.B.*, 61 Pa.Cmwlth. 12, 432 A.2d 1128 (1981). *See Ramich*, 734 A.2d at 47 (Friedman, J., dissenting). In *Cooper–Jarrett, Inc.*, the referee[7] awarded counsel fees to the claimant *sua sponte* under Section 440. 432 A.2d at 1129. The Commonwealth Court reversed the referee's decision stating:

> Because the claimant, who was represented by counsel, never asked for attorney's fees, it was an error for the

attorney's fees, the adequacy of the Board's procedures are not implicated by the narrow issue of statutory interpretation presently before the Court, nor are we confronted at this time with a question pertaining to the reasonableness of Ramich's attorney's fees.

7. Referees have been redesignated as Workers' Compensation Judges by amendment to the Act. *See* 77 P.S. § 701.

referee to award them *sua sponte. See C.P. Wright Construction Co. v. Workmen's Compensation Appeal Board,* 46 Pa.Cmwlth. 531, 406 A.2d 1202 (1979); *cf. Landis v. Zimmerman Motors, Inc.,* 27 Pa.Cmwlth. 99, 365 A.2d 190 (1976) (interpreting Sections 501 and 442 of the Act).

*Id.* at 1130 (footnotes omitted). In *Cooper–Jarrett, Inc.,* the court cites *C.P. Wright Construction Co.* and *Landis* in support of the request requirement; however, neither case stands for such a proposition.

*C.P. Wright Construction Co.* does not hold that claimants must request attorney's fees when an employer unreasonably contests a claim, but rather that a claimant cannot seek fees under Sections 440 and 442 [8] for the first time on appeal. 406 A.2d at 1204. In *C.P. Wright Construction Co.,* the court noted that the referee must approve a fee award and supported this conclusion with reference to Section 442, and not Section 440, of the Act. *Id.* at 1204 n. 5, 406 A.2d 1202. Section 442 cannot be used to support a request requirement in Section 440. While both statutory sections refer to the award of reasonable attorney's fees, this Court has found that Sections 442 and 440 serve two different purposes and therefore should be differently interpreted. *See Weidner v. W.C.A.B. (Firestone Tire & Rubber Co.),* 497 Pa. 516, 442 A.2d 242, 244–45 (1982) (holding that Section 442 protects claimants from unreasonable fees charged by their own attorneys under im-

---

**8.** Section 442 states in part:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

In cases where the efforts of claimant's counsel produce a result favorable to the claimant but where no immediate award of compensation is made such as in the cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

77 P.S. § 998.

provident fee agreements and Section 440 protects claimants from unreasonable contests by employers); *see also Eugenie v. W.C.A.B. (Sheltered Employment Service)*, 140 Pa.Cmwlth. 51, 592 A.2d 358, 361–62 (1991) (stating that a reasonable attorney's fee is twenty percent of an award under Section 442 and is assessed on a quantum meruit basis under Section 440). Consequently, *C.P. Wright Construction Co.* does not support the conclusion in *Cooper–Jarrett, Inc.* that a claimant must request legal fees on the record when an employer engages in an unreasonable contest.

Additionally, the other case upon which the Commonwealth Court based the request requirement in *Cooper–Jarrett, Inc.* does not authorize such a position. In *Landis*, the Commonwealth Court held that the claimant could not recover attorney's fees under Sections 442 and 501[9] because the claimant had not claimed fees before the referee or Board for approval. 27 Pa.Cmwlth. 99, 365 A.2d 190, 192 (1976). As its decision in *C.P. Wright Construction Co.*, the court's opinion in *Landis* did not address a requirement for a fee request under Section 440, but examined different sections of the Act. *Id.* Therefore, the court should not have relied upon *Landis* to sustain a request requirement under Section 440 in its decision in *Cooper–Jarrett, Inc.* Because the Commonwealth Court's legal foundation for the request requirement is rooted in cases that interpret different sections of the Act and not Section 440, we find this authority to be unconvincing. We now look to the rationale of the court concerning the request requirement.

To bolster the request requirement, the Commonwealth Court has reasoned that the requirement gives an employer the opportunity to present a defense to the fee award by way of legal argument or countervailing evidence. *Daugherty v. W.C.A.B. (Jones & Laughlin Steel Corp.)*, 97 Pa.Cmwlth. 142, 510 A.2d 147, 148 (1986). As Judge Fried-

---

**9.** Section 501 states in part that "[n]o claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation ... shall be an enforceable lien against the amount to be paid as compensation, Or be valid or binding in any other respect, unless the same be approved by the board." 77 P.S. § 1021.

man notes in her dissent in *Ramich*, the clear and unambiguous language of Section 440 puts all employers on notice that they will be responsible for a claimant's legal fees if they engage in an unreasonable contest. 734 A.2d at 50 (Friedman, J., dissenting). Additionally, an employer always has the opportunity to defend against an award of attorney's fees by creating a record that demonstrates a reasonable contest. *Id.* at 48. Thus, the request requirement is not necessary to provide an employer with notice or an opportunity to defend itself against an award of counsel fees because Section 440 itself serves such purposes. Therefore, neither the legal authority nor the rationale for the request requirement persuades us that claimants must request attorney's fees under Section 440.

　 With the above principles in mind, we turn to the case at bar. Whereas Section 440 does not require Ramich to request legal fees on the record in order to receive such an award, we hold that the Commonwealth Court erred in reversing the attorney's fees award because of a failure to comply with a request requirement. We remand this case to the Commonwealth Court with directions to remand to the WCAB for consideration as to whether substantial evidence exists in the record to support the award of counsel fees.

## CONCLUSION

In accordance with the above discussion, we reverse the decision of the Commonwealth Court and remand for proceedings consistent with this Opinion.

Justice CASTILLE dissents.