938 A.2d 264

## EPHRATA AREA SCHOOL DISTRICT

v.

## COUNTY OF LANCASTER, Borough of Ephrata, and Lancaster County Agricultural Preserve Board

**Appeal of County of Lancaster.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 2006.

Decided Dec. 27, 2007.

112

Melvin Eugene Newcomer, Esq., Kluxen & Newcomer, Lancaster, for County of Lancaster.

Robert L. Knupp, Esq., Law Office of David J. Eckle, Harrisburg, for amicus curiae County Commissioners Association of Pennsylvania.

Louis T. Glantz, Esq., Glantz, Johnson & Associates, State College, for amicus curiae Centre County Agricultural Land Preservation Board.

Barbara L. Reist, Esq., Shirk Reist, Matthew J. Creme, Jr., Esq., Nikolaus & Hohenadel, L.L.P., for amicus curiae Lancaster Farmland Trust & Lancaster County Conservancy.

Matthew Brent Royer, Esq., for amicus curiae Chesapeake Bay Foundation.

Douglas Holbrook Duer, Esq., Byler, Goodley, Winkle & Hetrick, P.C., Lancaster, for amicus curiae PA Farmland Preserv. Assoc., Lanc. Cty. Coalition for Smart Growth & Lanc. Cty. Conserv. Dist.

Debra K. Wolf, Esq., Douglas Holbrook Duer, Esq., Byler, Goodley, Winkle & Hetrick, P.C., Lancaster, for amicus curiae Pennsylvania Land Trust Association.

Susan V. Metcalfe, Esq., McNees, Wallace & Nurick, L.L.C., Kenneth C. Notturno, Esq., Richard L. Caplan, Esq., Timoney Knox, L.L.P., Harrisburg, for Ephrata Area School District.

Douglas Holbrook Duer, Esq., Byler, Goodley, Winkle & Hetrick, P.C., Lancaster, for Lancaster County Agricultural Preserve Board.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *OPINION*

Justice CASTILLE.

This appeal presents a question of first impression: whether, under the Open Space Lands Act, 32 P.S. § 5001 *et seq.*, appellee, Ephrata Area School District, must secure the consent of appellant, the County of Lancaster, in order to obtain a right-of-way over privately owned land that is subject to an open space property interest vested in the County. Overruling the trial court, a divided Commonwealth Court panel determined that consent was not required under Section 5011 of the Act in this instance, based on the fact that the County is not a fee simple owner of the property. Based upon the plain language of Section 5011, as well as the agreement granting the open space easement, we disagree and, therefore, reverse.

In 2000, the School District purchased approximately 80 acres of land, intending to construct a public elementary school on the south side of Market Street in Ephrata Township, Lancaster County, on a site bordering Ephrata Borough. The School District proposed primary access to the school from Market Street, a public thoroughfare. However, both Ephrata Township and Ephrata Borough objected to the use of Market Street, citing serious traffic and safety concerns. The Township and Borough instead recommended primary access through Hummer Road and secondary access through Meadow Valley Road. In response, the School District entered into an agreement to purchase a 50–foot strip of land totaling 2.3 acres from Nelson and Miriam Nolt and David and Erma Lauver for the purpose of constructing an access road to the new school from Meadow Valley Road. The Lauvers and the School District later modified the agreement to reflect acquisition of a right-of-way subject to the rights of the Lancaster County Agricultural Preserve Board, a county agency, deriving from an open space conservation easement over the Lauvers' property granted in 1984.

On October 24, 2002, the Agricultural Preserve Board voted to approve the removal of the 50–foot strip of land from the open space easement. Subsequently, on May 29, 2003, the

Board voted to recommend to the Lancaster County Planning Commission that the Planning Commission grant the School District an easement over the 50–foot strip of land. The Planning Commission approved the granting of the easement on August 12, 2003, also approving an offer by the School District to place 2.8 acres of adjoining farmland in an open space easement in exchange for 1.4 acres of the Lauvers' land.

The School District then sought the County's approval of the relinquishment of the easement over the 50–foot strip of land, or in the alternative, approval of the acquisition of an easement in favor of the School District from the Lauvers.[1] On September 24, 2003, the Lancaster County Commissioners denied the School District's request for approval of the right-of-way over the 50–foot strip of the Lauvers' land and denied the request to extinguish the open space easement over the 50–foot strip. The School District filed a Notice of Appeal from the County Commissioners' decision. On March 9, 2004, following a conference with the parties, the trial court stayed the appeal proceedings pending the filing and resolution of a declaratory judgment action. The School District filed the declaratory judgment action that is the subject of this appeal on March 17, 2004, seeking a determination of whether County approval was required for the acquisition of a right-of-way over the Lauvers' land and whether the proposed right-of-way violated the County's open space easement.

After the pleadings were closed in the declaratory judgment action, the School District filed a motion for judgment on the pleadings or, in the alternative, summary judgment, arguing that it was entitled to judgment as a matter of law because County approval was not required for the acquisition of a right-of-way over privately owned land. The County filed a cross-motion for summary judgment, asserting that approval was required and conceding that the proposed right-of-way would not violate the County's open space easement.

1. Initially, the School District believed County approval was necessary and, therefore, sought that approval. The School District later argued to the trial court that approval was not needed.

The trial court granted the County's cross-motion for summary judgment, determining that, pursuant to Section 5011 of the Open Space Lands Act, the School District was required to obtain County approval for the acquisition of a right-of-way over the Lauvers' property based on the County possessing an open space easement on the property. The court held that Section 5011(a) clearly provides that approval is required, and rejected the School District's argument that approval was not required because the School District was not seeking to acquire a property interest from the County, but rather from the Lauvers. Addressing the School District's argument that approval was required only where the County owned the property in fee simple, the trial court found that nothing in the language of Section 5011 requires fee simple ownership to trigger the approval requirement. Further, the court determined that whether the proposed right-of-way violated the County's open space easement was irrelevant to the issue of whether approval was required under the statute. Finally, the court found that the County's decision to deny the right-of-way while conceding that it did not violate the County's open space easement was within the County's authority because Section 5011 does not require that the open space easement be violated as a prerequisite to exercise of the right to deny approval of a right-of-way over the subject land.

The School District appealed to the Commonwealth Court, which reversed in a divided published opinion, finding that no County approval was required. *Ephrata Area Sch. Dist. v. County of Lancaster*, 886 A.2d 1169 (Pa.Cmwlth.2005). The panel majority initially addressed the issue from the perspective of the common law, determining that the easement agreement indicated that the Lauvers' predecessors in interest had granted the County a non-exclusive easement and that nothing in the agreement prevented the Lauvers from granting a subsequent right-of-way over the property. Discussing the law of easements, the panel majority noted that the owner of property subject to an easement may use the land in any way that does not conflict with the easement:

Ordinarily, when a tract of land is subject to an easement, the servient owner may make any use of the land that does not unreasonably interfere with the use and enjoyment of the easement. James W. Ely, Jr. and Jon W. Bruce, *The Law of Easements and Licenses in Land*, § 8:17 (2005). The servient owner's right to reasonably use the land includes the right to grant additional easements in the same land to other persons. *Id.* If the first easement is not exclusive, subsequent concurrent easements that are not unreasonably burdensome or inconsistent with the original easement are valid. *Id.*

*Id.* at 1176 (footnote omitted). The panel majority found that, because the County conceded in the trial court that the proposed right-of-way did not violate its open space easement, the proposed right-of-way would not unreasonably interfere with the County's open space easement. Therefore, the panel majority held that the Lauvers' grant of a right-of-way over the property was permissible at common law.

The panel majority then turned to the Open Space Lands Act and addressed the trial court's conclusion that Section 5011 of the Act requires County approval of the proposed right-of-way over the Lauvers' land. Section 5011 provides, in pertinent part:

(a) **The ownership by the Commonwealth or a local government unit of an open space property interest shall not preclude the acquisition, by lease, purchase, or eminent domain, and use of rights of way or underground gas storage rights in such property by a public utility or other body entitled to exercise the power of eminent domain.** In the case of an acquisition from the Commonwealth by a body other than a public utility, such acquisition shall occur only if the State Planning Board, after public hearing with notice to the Department of Conservation and Natural Resources or the Department of Agriculture, as the case may be, shall approve such acquisition. **In the case of an acquisition from a local government unit by a body other than a public utility, such acquisition shall occur only if the governing body, after public hearing with**

**notice to the public, shall approve such acquisition.** In the case of an acquisition from the Commonwealth or a local government unit by a public utility, such acquisition shall occur only if the Pennsylvania Public Utility Commission, after public hearing with notice to the Department of Conservation and Natural Resources, the Department of Agriculture or the local government unit, as the case may be, shall find that such acquisition and use are necessary or proper for the service, accommodation, convenience or safety of the public.

32 P.S. § 5011(a) (emphases added).

The panel majority pointed specifically to the highlighted language and concluded, based upon the plain language of Section 5011(a), that the first highlighted sentence clearly states that the existence of an open space easement does not preclude the acquisition of a right-of-way over the same property. Turning to the sentence regarding acquisition of a right-of-way from a local governmental unit, the panel majority determined that the School District was not seeking a right-of-way from the County, but rather from private landowners because the County is not the fee simple owner of the property. Further, the panel majority found that nothing in the language of Section 5011(a) requires approval in a scenario where the right-of-way would be granted by a private landowner. Thus, the panel majority read the Act to be consistent with the common law view that a servient owner may grant a right-of-way over property subject to an easement without the approval of the easement holder.

Senior Judge James R. Kelley dissented, focusing not on the common law or Section 5011, but rather on the terms of the agreement granting the open space easement, *i.e.*, the Grant of Easement executed by the County and the predecessors in interest to the Lauvers. The dissent noted that it is well-settled that the rights and obligations of the parties to an agreement granting an easement are governed by the terms of that agreement. In this instance, the terms of the agreement granting the open space easement to the County stated that the use of the property is restricted to agricultural and

directly associated uses and defined those uses for the purposes of the agreement as follows:

1. Agricultural uses of land are defined, for the purposes of this instrument, as:

(a) The use of land for the production of plants and animals useful to man, including, but not limited to, forage, grain and field crops, pasturage, dairy and dairy products, poultry and poultry products, other livestock and fowl and livestock and fowl products, including the breeding and grazing of any or all such animals, bees and apiary products, fruits and vegetables of all kinds, nursery, floral and greenhouse products, silviculture, aquaculture, and the primary processing and storage of the agricultural production of the Property and other similar and compatible uses.

2. Directly associated uses are defined as customary, supportive and agriculturally compatible uses of farm properties in Lancaster County, Pennsylvania and are limited to the following:

(a) The direct sale to the public of agricultural products produced principally on the farm;

(b) Any and all structures contributing to the production, primary processing, direct marketing and storage of agricultural products produced principally on the farm;

(c) Structures associated with the production of energy for use principally on the farm . . .;

(d) The provision of services or production and sale, by persons in residence, of incidental agricultural goods[,] services, supplies and repairs and/or the conduct of traditional trades and the production and sale of home occupation goods, arts and crafts, so long as these uses remain incidental to the open space and character of the farm and are limited to occupying residential and/or principally agricultural structures of the Property;

(e) Structures and facilities associated with irrigation, farm pond impoundment and soil and water conservation;

(f) The accommodation of tourists and other visitors within principally residential and/or agricultural structures of the farm Property so long as this use is incidental to the agricultural and open space character of the Property;

(g) Religious uses including the conduct of religious ceremony on the Property and family cemeteries.

(h) Other similar uses may be considered upon written request to the Lancaster County Agricultural Preserve Board.

*Ephrata,* 886 A.2d at 1180–81 (Kelley, S.J., dissenting) (quoting Grant of Easement).

The dissent concluded that, even if the Open Space Lands Act did not require County approval of the right-of-way, the language of the Grant of Easement requires the approval of the Lancaster County Agricultural Preserve Board for any use other than the agricultural and directly associated uses listed in the agreement.[2] Because the right-of-way proposed by the School District does not fall within the category of agricultural uses or directly associated uses, the dissent would have found that approval was required under paragraph 2(h), providing that: "Other similar uses may be considered upon written request to the Lancaster County Agricultural Preserve Board."

On appeal to this Court, the County argues that the trial court's decision was correct. According to the County, the language of Section 5011 does not require that the County own the property in fee simple, and the Commonwealth Court erred by inserting that requirement into the statute. Section 5011, the County claims, speaks of the ownership of an open space easement, not ownership of the property burdened by the easement. As support for this argument, the County points to the opening language of Section 5011(a), which references "[t]he ownership by the Commonwealth or a local government unit **of an open space property interest**" (emphasis added) and notes that there is no reference to, much

**2.** Notably, the Agricultural Preserve Board intervened and filed a brief echoing the arguments advanced by the County that approval is required.

less a requirement of, fee simple ownership of the land. Further, the County argues, if the Commonwealth Court panel majority's decision stands, a public utility seeking a right-of-way will only need governmental approval if the Commonwealth or the local government unit is the fee simple owner of the property at issue. In the County's view, this interpretation would gut the portion of Section 5011(a) providing a mechanism for the Public Utility Commission's approval of a proposed right-of-way, an interpretation which is contrary to bedrock principles of statutory construction.

The School District responds that the Commonwealth Court panel majority's decision affords Section 5011 its plain meaning, pointing to the language stating: "In the case of **an acquisition from a local government unit by a body other than a public utility,** such acquisition shall occur only if the governing body, after public hearing with notice to the public, shall approve the acquisition" (emphasis added). The School District urges that this language clearly means that the obligation to secure government approval attaches only when it is the government unit that is conveying the right-of-way. Because the land in question here is privately owned, the School District argues, it is seeking to acquire a right-of-way from a private party, and not the County; therefore, approval is not statutorily required. The School District further contends that approval would serve no purpose because the proposed right-of-way does not violate the County's open space easement. In the School District's view, the purpose of the approval process is to ensure that governmental units fulfill their fiduciary duties to their taxpayers, which is irrelevant to the conveyance of a right-of-way over privately owned property. Finally, the School District claims that requiring governmental approval of rights-of-way over privately owned property intrudes upon the constitutional rights of the property owners to freely use and enjoy their property.

The question before this Court is whether, under the language of Section 5011 of the Open Space Lands Act, County approval is required for the School District to acquire a right-of-way over privately owned property on which the

County possesses an open space easement. This issue involves a pure question of law regarding statutory construction, and therefore, this Court's review is plenary and non-deferential. *E.g., McGrory v. Commonwealth, Dep't of Transp.,* 591 Pa. 56, 915 A.2d 1155, 1158 (2007); *MCI WorldCom, Inc. v. Pa. Pub. Util. Comm'n,* 577 Pa. 294, 844 A.2d 1239, 1245 n. 3 (2004); *Mosaica Acad. Charter Sch. v. Commonwealth, Dep't of Educ.,* 572 Pa. 191, 813 A.2d 813, 817 (2002). In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.,* which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). A statute's plain language generally provides the best indication of legislative intent. *See, e.g., McGrory,* 915 A.2d at 1158; *Commonwealth v. Gilmour Mfg. Co.,* 573 Pa. 143, 822 A.2d 676, 679 (2003); *Pa. Fin. Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84, 87 (1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."). Only where the words of a statute are not explicit will we resort to other considerations to discern legislative intent. 1 Pa.C.S. § 1921(c); *see also In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 577 Pa. 231, 843 A.2d 1223, 1230 (2004) (citing *O'Rourke v. Commonwealth, Dep't of Corr.,* 566 Pa. 161, 778 A.2d 1194, 1201 (2001)); *Ramich v. Workers' Comp. Appeal Bd. (Schatz Elec., Inc.),* 564 Pa. 656, 770 A.2d 318, 322 (2001).

Section 5011(a) appears in the chapter of the Open Space Lands Act entitled "Acquisition and Preservation" and speaks in the first sentence of governmental ownership of **open space property interests,** and not fee simple ownership interests in the property. Given the concern with preserving open space in Pennsylvania, this focus is precisely what one might expect to find in a provision dedicated to such preservation. The fact that the County possesses an open space property interest in the Lauvers' property is undisputed.[3]

---

**3.** The Commonwealth Court panel majority devoted a substantial portion of its opinion to establishing the type of easement implicated and

The plain language of Section 5011(a) leads to the conclusion that the trial court correctly found that approval was required in this instance. Section 5011(a)'s first sentence provides that the existence of an open space property interest in favor of the Commonwealth or a local government unit, such as the easement here, does not preclude the possibility of other rights-of-way existing on the same property: "The ownership by the Commonwealth or a local government unit of an open space property interest shall not preclude the acquisition, by lease, purchase, or eminent domain, and use of rights of way or underground gas storage rights in such property by a public utility or other body entitled to exercise the power of eminent domain." 32 P.S. § 5011(a). The provisions that immediately follow then govern the acquisition of such rights-of-way on property in which the Commonwealth or a local government unit possesses an open space property interest. Indeed, the statute covers a number of different scenarios in the following sentences: "In the case of an acquisition from the Commonwealth by a body other than a public utility," "In the case of an acquisition from a local government unit by a body other than a public utility," and "In the case of an acquisition from the Commonwealth or a local government unit by a public utility." *Id.* Each scenario is followed by the procedure for acquiring a right-of-way in that circumstance.

In light of this structure, the "acquisition" of interest being spoken of plainly is not the acquisition of a property interest from the fee simple owner, but the acquisition of an interest affecting the open space property interest already owned by the governmental entity. The obvious import of the procedures that follow Section 5011's declaration that a party may acquire a right-of-way over land that is subject to an open space property interest in favor of the Commonwealth or a local government unit is that the statutory procedures apply to that acquisition. Section 5011(a) nowhere mentions or requires governmental ownership, in fee simple or otherwise, of

the property interest the County possesses. As there is no dispute that the County possesses an open space easement or that the easement is a property interest, that analysis need not be repeated here.

the property subject to the open space interest and over which a right-of-way is sought. To insert such a requirement would make little sense, given that the first sentence discusses only the open space property interest, and not ownership of the property. This construct makes perfect sense since the statute is concerned with **preserving** existing, governmentally owned open space interests.

■ The procedure that applies here, therefore, is that governing an acquisition from a local government unit by a body other than a public utility: such acquisition shall occur only if the governing body, after public hearing with notice to the public, shall approve such acquisition. 32 P.S. § 5011(a). The statutory language is clear. Where, as here, a body other than a public utility seeks a right-of-way over property subject to an open space property interest vested in a local government unit, the entity seeking the right-of-way can secure it only if, after a public hearing, the governmental unit approves the right-of-way. Accordingly, we agree with the trial court's holding that the plain language of Section 5011(a) requires approval of the local government unit, the County in this instance, before the School District can acquire a right-of-way over the Lauvers' property.

■ Alternatively, even if the statutory language did not compel our conclusion above, it would be difficult to uphold the ruling of the panel majority below in light of the reasoning of Senior Judge Kelley's dissent. As the dissent explained, the Grant of Easement states that the use of the land covered by the open space easement "shall be restricted to agricultural and directly associated uses" as defined in the agreement. *Ephrata*, 886 A.2d at 1180 (Kelley, S.J., dissenting) (quoting Grant of Easement). The Grant goes on to define agricultural uses as the "use of land for the production of plants and animals useful to man," and then lists examples of activities covered by that general definition. Following the definition of agricultural uses is the general definition of directly associated uses as "customary, supportive and agriculturally compatible uses of farm properties in Lancaster County." The directly

associated uses are expressly limited to the previously mentioned seven specific listed uses, including: (1) the sale to the public of agricultural products produced on the farm; (2) structures contributing to the production, processing, direct marketing and storage of agricultural products produced on the farm; (3) structures associated with the production of energy for use on the farm; (4) the provision of goods and services such as arts and crafts so long as it remains incidental to the open space and character of the farm; (5) structures associated with irrigation, farm pond impoundment and soil and water conservation; (6) the accommodation of tourists within principally residential or agricultural structures on the farm as long as the use is incidental to the agricultural and open space character of the property; and (7) religious uses including the conduct of religious services on the property. The specific uses are followed by a "catch-all" provision, which provides that, "Other similar uses may be considered upon written request to the Lancaster County Agricultural Preservation Board."

There is no question that the School District's proposed right-of-way is neither an agricultural use nor any of the directly associated uses as defined in the Grant of Easement. Thus, if such a right-of-way can be considered at all, given its clearly non-agricultural purpose of providing an access road to a school, it can only be considered under the catch-all provision, which requires the approval of the Lancaster County Agricultural Preservation Board.

Because both Section 5011(a) and the Grant of Easement require approval of the County before the School District can acquire its proposed right-of-way, the decision of the Commonwealth Court to the contrary is reversed.

Jurisdiction is relinquished.

Former Justice NEWMAN did not participate in the consideration or decision of this case.

Chief Justice CAPPY, Justice SAYLOR and BAER and Justice BALDWIN join the opinion.

Justice EAKIN files a dissenting opinion.

Justice EAKIN, dissenting.

I find the resolution of the majority to be misplaced. The issue before us is whether the School District was required to obtain the County's consent before it could purchase a right-of-way over land on which the County holds an open space easement. The issue is not whether the County's easement is impermissibly affected by the easement sought by the School District.

The County has an easement. It is not a fee simple owner. That easement gives the County certain limited rights concerning the land and its use; it does not give it a comprehensive right to object to other grants by the actual owners. There simply is no authority for the proposition that a mere easement holder has the right to demand consent before the fee simple owners grant another easement. Clearly the owners cannot do so in derogation of the easement already given the County, but the County has no ability to demand its consent unless their easement specifically includes the ability to deny, *preemptively*, the owners' grant of other easements. The County's easement does not award it that ability.

The owner of land can grant such rights as they have without the approval of an easement holder—they may give, grant, bargain, sell, alienate, enfeoff, convey, confirm, warrant, pledge, assign, and hypothecate whatever they have. They may or may not have all the rights the current parties wish to obtain, they may purport to grant more than they have, but the owners cannot be denied the right to give such rights as they have absent consent of the County. The County may object after the fact, if such action infringes on its easement. It might intervene or prevent or limit the grant if it impedes its easement, but this is not the equivalent of having a right to demand consent to the owners' grant in the first place.

As the majority finds such a veto power, I cannot join. The majority broadly interprets § 5011(a) to apply to acquisitions of open space property *interests* owned by the Commonwealth or a local government unit. I read § 5011(a)'s plain language to describe the formalized process for obtaining a right-of-way from the Commonwealth or a local government unit, not fee simple owners. *See* 32 P.S. § 5011(a). Section 5011 is not designed to alter traditional property notions.

In granting the County the original easement over their property, the fee simple, servient owners here retained the right to use their property in any manner not impairing the easement's open space and agricultural character; the easement is non-exclusive. This right includes the right to grant additional easements in the same land to other persons or entities, provided the first easement holder's interests remain unimpaired. *See Puleo v. Bearoff, et al.,* 376 Pa. 489, 103 A.2d 759, 761 (1954); Restatement (Third) of Property, Servitudes § 4.9 comments c, e (2000).

The County may have the authority to refuse an acquisition of property it owns, but this is not tantamount to the authority to refuse an acquisition of property it does not own. I find no authority giving the County the same status as a fee simple owner when it comes to granting another right-of-way on this property. The County may object if the grant impedes its rights; it may protect what it has, but it may not demand consent when it does not possess the right to do so. Accordingly, I would affirm the Commonwealth Court's ruling the School District is not required to obtain County approval to acquire a right-of-way from a private landowner.