600 A.2d 241

**Robert MASON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(WHEELING–PITTSBURGH STEEL
CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 5, 1991.

Decided Nov. 22, 1991.

Timothy Conboy, for petitioner.
Steven E. Leindecker, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

This case presents the question of whether attorney's fees should be automatically assessed against a defendant under Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996, even though defendant had a reasonable basis to contest a claim. Section 440 reads in relevant part:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fees, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

> In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs *as hereinabove set forth.* (Emphasis added.)

The Workmen's Compensation Appeal Board (Board) reversed the referee's determination that Wheeling–Pittsburgh Steel Corporation (Employer) failed to establish a reasonable basis for its petition for modification of the benefits payable to Robert Mason, Claimant, and that pursuant to Section 440, Employer was liable to pay Claimant's attorney's fees for a three-year period at the rate of twenty percent (20%) of the weekly benefits payable to Claimant. The Board concluded that Employer established a reasonable basis for its contest and that the referee erred as a matter of law because the contest was based upon a medical

opinion that Claimant was able to perform the janitorial/cleaning position referred to him by Employer.

Employer filed its petition for modification alleging that the work-related injury sustained by Claimant on November 11, 1981 had been modified and that he was capable of performing light-duty work based upon an opinion rendered by Claimant's former treating physician, Dr. Robert P. Durning. Claimant suffered injury to his back when struck by a pipe while performing his job as a pipe straightener. Dr. Durning believed that Claimant could perform light and sedentary work and approved a janitorial/cleaning position with Skyway Cleaning Company. However, Dr. Durning stated that Claimant experienced continuing spasms, loss of strength, and other symptoms consistent with his prior back surgery performed by the witness in January 1984 and that Claimant also suffered from a disc herniation in the neck and bilateral carpal tunnel syndrome. Claimant offered testimony by Dr. Andrew D. Kranik who stated that if Claimant were to assume the janitorial/cleaning position with Skyway Cleaning Company, Claimant's carpal tunnel syndrome condition would worsen, the herniated disc could extrude which may necessitate neck surgery, and his back pain would become more chronic. Although finding Dr. Durning's testimony credible, the referee did not accept his opinion that Claimant was capable of performing the janitorial/cleaning position and specifically rejected that opinion as being inconsistent with the doctor's other findings. The referee found Dr. Kranik's opinion credible and as a result, determined that Claimant's work-related disability had not changed and that he continued to be totally disabled. The referee also found Claimant physically incapable of performing the janitorial/cleaning position.

██ Claimant contends that since Employer failed to sustain its burden of proof to support its modification petition under guidelines established in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), the referee was correct in concluding that Employer failed to establish a

reasonable basis for contest. According to Claimant, under Section 440, paragraph two, Employer is not entitled to a defense of reasonable contest to avoid liability for Claimant's attorney's fees. His theory is that paragraph two is designed to avoid penalizing a claimant who prevails in modification proceedings whereby benefits would otherwise be reduced by twenty percent if counsel fees were deducted from the claimant's benefits. Claimant advances no support for his theory other than presenting humanitarian arguments and making reference to a dissent in *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987), in which the dissenting justice stated that Section 440 seems to provide that even where a reasonable contest is established, a successful claimant is still entitled to attorney's fees. That is not, however, the holding of the majority opinion in *Farquhar* nor of any cases decided within this Commonwealth interpreting Section 440's exception to assessment of attorney's fees.

Employer, on the other hand, argues that it established a case for modification of benefits under the *Kachinski* standards by virtue of the medical and vocational evidence introduced by Dr. Durning and Employer's vocational expert. Nonetheless, Employer asserts that the reasonableness of its contest should not be based upon the lack of its success in pursuing modification but rather upon whether the employer has an objective basis for its actions, citing *William H. Rorer, Inc. v. Workmen's Compensation Appeal Board (Staffieri)*, 110 Pa.Commonwealth Ct. 642, 532 A.2d 1283 (1987), *appeal denied*, 520 Pa. 580, 549 A.2d 139 (1988). Moreover, Section 440 of the Act does not provide that attorney's fees must be automatically assessed against Employer inasmuch as paragraph one is controlling as to when an assessment may be made. Employer's position is supported by case law.

In *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988), this Court stated

that attorney's fees are generally awarded when a claimant prevails in contested cases unless the evidence of record demonstrates a reasonable basis for the employer's challenge. *See also Penczkowski v. Workmen's Compensation Appeal Board (Foster-Wheeler Energy Corp.)*, 97 Pa.Commonwealth Ct. 419, 509 A.2d 964 (1986). The burden is on the employer to establish a reasonable basis for the contest. *MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988). A reasonable contest may be established where medical evidence is conflicting or is susceptible to contrary inferences and where there is an absence of evidence that the employer's contest was frivolous or filed for purposes of harassment. Further, whether an employer's contest is reasonable is a question of law, subject to review by this Court which must examine the record to determine if the evidence presented supports the conclusion reached by the Board. *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 458, 402 A.2d 715 (1979).

█ The principles enunciated above are reinforced by the fact that, as in the matter *sub judice*, a claimant's own treating physician states that claimant could perform a particular job. Thus, considering all of the conflicting medical evidence presented before the referee as well as the vocational expert's testimony concerning the janitorial/cleaning job referral to Claimant and that there is no evidence Employer's contest was filed frivolously or for purposes of harassment, it is clear that a reasonable basis was established for the contest of Claimant's claim.

█ Also, in construing Section 440, it is reasonable to conclude the legislature intended that paragraphs one and two are to be read together. Hence, the caveat included in paragraph two that "claimant shall be entitled to an award of reasonable costs as hereinabove set forth," must be presumed to refer to the exception to assessment of costs set forth in paragraph one—that is, attorney's fees may be excluded when a reasonable basis for the contest has been established. Any other interpretation would be inconsistent

with legislative intent. *See* Sections 1901, 1922 and 1924 of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901, 1922, 1924.

Accordingly, the Board did not err in its determination, and the order of the Board is hereby affirmed in all respects.

## ORDER

AND NOW, this 22nd of November, 1991, the order of the Workmen's Compensation Appeal Board is affirmed.