# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Lorino, : 
                           Petitioner : 
                            : 
          v. : No. 1217 C.D. 2019
                            : Submitted: December 13, 2019
Workers' Compensation Appeal Board : 
(Commonwealth of Pennsylvania), : 
                    Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: August 19, 2020**

Vincent Lorino (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated August 8, 2019. The Board affirmed the decision of a Workers' Compensation Judge (WCJ), which denied both the Commonwealth of Pennsylvania's (Employer) termination petition (Termination Petition) and Claimant's request for attorneys' fees under Section 440 of the Workers' Compensation Act (Act).[1] For the reasons set forth below, we affirm the Board's order in part, vacate the Board's order in part, and remand the matter to the Board for further proceedings consistent with this opinion.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

# I. BACKGROUND

Claimant worked for Employer as an equipment operator. On August 22, 2016, Claimant sustained a work-related injury to his low back and left hip when he slipped on the running board of his work pickup truck and fell backwards. Employer accepted liability for a low back sprain/tear and a left hip sprain/tear pursuant to two amended medical-only Notices of Compensation Payable. Thereafter, on March 10, 2017, Employer filed its Termination Petition, asserting that Claimant had fully recovered from his work-related injury as of February 21, 2017.

Claimant testified in opposition to Employer's Termination Petition at the hearing held on March 5, 2018. Claimant stated that he has worked for Employer as an equipment operator for almost eleven years. (Reproduced Record (R.R.) at 67a-68a.) In that position, Claimant is responsible for operating heavy machinery, such as a dump truck, a front-end loader, a skid steer, an excavator, plowing equipment, and a jackhammer. (*Id.* at 68a-69a.) In August 2014, Claimant sustained a work-related injury to his low back with right leg radiculopathy. (*Id*. at 77a.) Although he eventually returned to work at full capacity, he no longer operates the heavy machinery on a daily basis. (*Id.* at 70a, 77a-78a.) Rather, he works on an herbicide crew, planning routes or driving the pickup truck that is used to spray the weeds located along state highways and roads, or performs plowing activities. (*Id.* at 70a-71a, 91a.)

Claimant testified further that, on August 22, 2016, he was stepping out of his pickup truck onto the running board when he slipped and fell backwards, causing him to experience pain in his groin area. (*Id.* at 71a-72a.) Claimant initially treated for his injury at Patient First, where the medical professionals prescribed physical

2

therapy and referred Claimant to an orthopedic doctor. (*Id.* at 72a-74a.) Because he was not satisfied with the treatment and recommendations provided to him by the orthopedic doctor, however, Claimant sought a second opinion from Shivani Dua, M.D., on a referral from his family doctor. (*Id.* at 74a-75a.) In order to treat Claimant's injury, Dr. Dua performed epidural steroid injections on Claimant's back. (*Id.* at 75a.) Claimant explained that each injection works for a few months, but then the shooting pain in his left leg slowly starts to return. (*Id.* at 75a-77a.) Claimant indicated that he received his most recent injection in January or February of 2017, approximately two to three weeks before he underwent an independent medical examination (IME) by Lawrence Barr, D.O. (*Id.* at 80a-81a.) Claimant explained that, because of the injection, his low back pain had improved at the time of the IME. (*Id.* at 82a.)

Claimant testified further that he did not miss any work in connection with his August 22, 2016 work-related injury. (*Id.* at 73a.) Claimant also indicated that he does not believe that he has fully recovered from his August 22, 2016 work-related injury, because he continues to experience pain in his low back and radiating pain and numbness in his left leg. (*Id.* at 82a-83a.) He explained that, in order to manage his low back and left leg pain, he continues to: (1) treat with Dr. Dua; (2) take over-the-counter pain medication when his back becomes agitated; (3) perform at-home physical therapy exercises; and (4) use heat/cold therapy when his back is throbbing after standing for long periods of time at work. (*Id.* at 81a-84a, 87a-88a.)

Claimant also testified that he entered into a fee agreement with his attorney, wherein he agreed to pay his attorney $400 per hour to represent him in connection with this matter. (*Id.* at 88a-89a.) Claimant understood that, because he was not receiving indemnity benefits, he was unable to pay his attorney through a traditional

contingent fee arrangement. (*Id.* at 88a.) Claimant also indicated that he did not have any legal training or education, he was not familiar with the Act, and he did not believe that he could represent himself in this matter. (*Id.* at 89a-90a.)

Claimant also presented two medical reports prepared by Dr. Dua, his treating physician. In her reports, Dr. Dua indicated that she first treated Claimant on January 11, 2017, for complaints of "low back pain and left lower extremity radiculopathy with associated symptoms of numbness and tingling and debilitating pain." (*Id.* at 109a.) Based upon the results of her physical examination and an MRI of Claimant's lumbar spine, Dr. Dua performed a lumbar interlaminar epidural steroid injection in Claimant's low back at the L4-5 level. (*Id.* at 107a, 109a.) Dr. Dua also prescribed physical therapy in order to improve Claimant's range of motion, strength, and pain symptoms. (*Id.*) Dr. Dua noted that, following the epidural steroid injection and physical therapy, Claimant reported "significant analgesic benefit with greater than 80% relief." (*Id.* at 109a.) Claimant returned to Dr. Dua on April 19, 2017. (*Id.*) At that time, Claimant reported a progressive return of his pain symptoms. (*Id.*) As a result, Dr. Dua performed a second epidural steroid injection on Claimant's lumber spine, which resulted in a positive and significant response in Claimant's symptoms. (*Id.*) Claimant again returned to Dr. Dua on February 5, 2018, and reported "pain symptoms in the same distribution and location as his original pain." (*Id.*) Dr. Dua indicated that, as long as Claimant continues to obtain significant benefit from the epidural steroid injections—*i.e.*, greater than 50% relief for over six weeks—it is reasonable to continue with this treatment. (*Id.*) If, however, Claimant reports that the epidural steroid injections are no longer effective, Claimant may require orthopedic or neurosurgical evaluation/intervention. (*Id.* at 107a, 109a.)

4

In support of its Termination Petition, Employer presented the deposition testimony of Lawrence Barr, D.O., a board-certified orthopedic surgeon, who performed an IME of Claimant on February 21, 2017. (*Id.* at 31a.) After obtaining a history, performing a physical examination, and reviewing Claimant's medical records and the results of Claimant's diagnostic studies, Dr. Barr opined with a reasonable degree of medical certainty that Claimant had fully recovered from his August 22, 2016 work-related low back sprain and left hip sprain and that Claimant did not require any further treatment in connection therewith. (*Id.* at 34a-35a.) As a result, Dr. Barr issued a Physician's Affidavit of Recovery, specifically indicating that Claimant had fully recovered from his August 22, 2016 work-related injury as of February 21, 2017. (*Id.* at 36a, 147a.)

Dr. Barr further indicated that, in his opinion, the injections that Claimant was receiving in his low back were not related to Claimant's August 22, 2016 work-related injury. (*Id.* at 47a.) Rather, the injections were to treat the chronic problems that Claimant was experiencing relative to his degenerative disc disease, a condition that predated Claimant's August 22, 2016 work-related low back sprain. (*Id.* at 37a, 41a, 47a.) Dr. Barr connected Claimant's current condition—*i.e.*, symptoms that change based on weather, injections, and activity level—to his degenerative disc disease and indicated that a low back sprain typically resolves after six weeks. (*Id.* at 41a.) When questioned about the use of the terms "medical plateau" and "maximum medical improvement" in his report, Dr. Barr explained that those terms are simply his indication that Claimant has "healed from the injury from this occurrence and that no other treatment was indicated as it relates to this occurrence and the patient." (*Id.* at 41a, 47a.) Dr. Barr also explained that medical

5

professionals use the phrases "a reasonable degree of medical certainty" and "a reasonable degree of medical probability" interchangeably. (*Id.* at 35a-36a.)

By decision and order dated July 10, 2018, the WCJ denied Employer's Termination Petition. In so doing, the WCJ found Dr. Dua's opinions to be more credible than Dr. Barr's opinions and concluded that Employer did not meet its burden of proving that Claimant had fully recovered from his August 22, 2016 work-related injury. The WCJ also denied Claimant's request for attorneys' fees under Section 440 of the Act, reasoning that:

> Pursuant to Section 440 of the [Act,] Claimant's attorney[s'] fees shall be paid by Employer unless Employer establishes a reasonable basis for its contest. As Dr. Barr's testimony provided an opinion of full recovery within a reasonable degree of medical certainty, Employer has established a reasonable contest on its Termination Petition. Although Claimant argues that Section 440 counsel fees may also be assessed against Employer in cases where a reasonable contest has been established, no case law has been cited in which such facts have occurred. Accordingly, Section 440 attorney[s'] fees shall not be assessed against Employer.

(WCJ's Decision at 7.) Lastly, the WCJ approved the payment of reasonable attorneys' fees from Claimant to his attorney in the amount of $2,000, noting that:

> Claimant's counsel has presented an Affidavit of Quantum Meruit Time [(Affidavit)] documenting 35.1 hours of work at a professional fee of $400 per hour. Based upon the length and difficulty of the litigation, the experience of counsel, and the fees typical [sic] charged in the geographical area I find that a total fee of $2,000 is reasonable.

(*Id.*) Claimant and Employer cross-appealed the WCJ's decision to the Board, which affirmed. Claimant then petitioned this Court for review.

6

## II. ARGUMENTS ON APPEAL

On appeal,[2] Claimant argues that the Board erred by: (1) misinterpreting Section 440 of the Act to always require that an employer engage in an unreasonable contest before attorneys' fees may be awarded to a successful claimant; (2) affirming the WCJ's conclusion that Employer had a reasonable basis to support its Termination Petition; and (3) affirming the WCJ's finding that $2,000 for attorneys' fees—rather than the $14,040 in attorneys' fees documented in the Affidavit—was reasonable.[3]

## III. DISCUSSION

### A. Attorneys' Fees Under Section 440 of the Act Generally

Claimant argues that the Board erred by misinterpreting Section 440 of the Act to always require that an employer engage in an unreasonable contest before attorneys' fees may be awarded to a successful claimant. More specifically, Claimant contends that, if the General Assembly intended to require that attorneys' fees be excluded under Section 440 in every case in which the employer presents a reasonable contest, the General Assembly would have used the word "shall" rather than the word "may." Claimant contends further that the only way in which this Court can give effect to the General Assembly's use of the word "may" is to acknowledge that there are situations, such as the one presented in this case—*i.e.*, a claimant who is required to defend against a termination petition in a medical-only case when the claimant is unable to pay his attorney through a traditional contingent

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776, 778 n.1 (Pa. Cmwlth. 2008), *appeal denied*, 967 A.2d 961 (Pa. 2009).

[3] We have reordered Claimant's arguments for the purpose of discussion.

7

fee arrangement given that he is not collecting indemnity benefits—where attorneys' fees must be awarded even when the employer presents a reasonable contest. While Claimant recognizes both that it "has become the norm to exclude [an] award of [attorneys'] fees in every case where the [employer] presents a reasonable contest" and that no court has previously considered this statutory construction argument, Claimant suggests that, in light of the Pennsylvania Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017),[4] this Court can now consider the argument and give the statutory language set forth in Section 440 its intended effect.

In response, Employer argues that this Court has already considered the issue of whether attorneys' fees should be automatically assessed against an employer under Section 440 of the Act even when the employer presents a reasonable contest in *Mason v. Workmen's Compensation Appeal Board (Wheeling-Pittsburgh Steel Corporation)*, 600 A.2d 241 (Pa. Cmwlth. 1991), *appeal denied*, 605 A.2d 335 (Pa. 1992), and concluded that the legislature intended for an exception to be created to exclude an award of attorneys' fees whenever an employer establishes a reasonable basis for its contest. Employer further contends that, in making his statutory construction argument, Claimant ignores the fact that the Supreme Court

---

[4] In *Protz*, the Supreme Court considered the issue of whether former Section 306(a.2) of the Act, 77 P.S. § 511.2, added by the Act of June 24, 1996, P.L. 350, repealed by the Act of October 24, 2018, P.L. 714, which permitted employers to demand that a claimant undergo an impairment rating evaluation, violated the non-delegation doctrine of Article II, Section 1 of the Pennsylvania Constitution, because it required "physicians to apply the methodology set forth in 'the most recent edition' of the American Medical Association (AMA) *Guides to Evaluation of Permanent Impairment*" (*Guides*). *Protz*, 161 A.3d at 830. The Supreme Court held that former Section 306(a.2) of the Act violated the non-delegation doctrine, because it "incorporate[d], sight unseen, subsequent modifications to [the General Assembly's] standards[—*i.e.*, the most recent edition of the AMA *Guides*—]without also providing adequate criteria to guide and restrain the exercise of the delegated authority." *Protz*, 161 A.3d at 839.

8

already addressed the legislative intent of Section 440 in *Weidner v. Workmen's Compensation Appeal Board*, 442 A.2d 242 (Pa. 1982) (*Weidner II*), and concluded that Section 440 demonstrates a legislative intent to protect claimants against unreasonable contests. Employer suggests that, based upon this precedent, "[i]t is clear that, once an employer establishes a reasonable contest, the intent to protect claimants from an unreasonable one is satisfied" and "the inquiry as to whether fees are payable by an employer" has ended. (Employer's Br. at 23.) In sum, Employer contends that an employer's "challenge to ongoing medical care, if undertaken with a reasonable basis to do so, must be allowed . . . without facing a proposition that such contest is 'per se unreasonable' solely because the claimant is not receiving indemnity benefits from which attorney[s'] fees can be deducted." (Employer's Br. at 26.)

In his reply brief, Claimant suggests that, contrary to Employer's arguments, this case presents an issue of first impression because the "identical" argument presented in this case—*i.e.*, involving a request for attorneys' fees under Section 440 of the Act in a medical-only situation—has not been considered by this Court or any other Pennsylvania court. Claimant contends that this Court's decision in *Mason* is readily distinguishable from the facts of this case because: (1) unlike in this case, the claimant in *Mason* was receiving indemnity benefits and was able to offer a prospective attorney a contingent fee arrangement; and (2) Section 440 of the Act has been amended since this Court's decision in *Mason*. Claimant contends further that the proper interpretation of Section 440—which he suggests is to permit a successful medical-only claimant to recover attorneys' fees from an employer even if the employer has presented a reasonable contest—would level the economic playing field between the employer and the claimant in medical-only cases by

9

effectively resulting in a "contingent fee" to be paid by an employer upon a claimant's success. Claimant argues that any other interpretation of Section 440 places a medical-only claimant in a situation where the claimant has to choose between representing himself and potentially losing his medical benefits or hiring an attorney at a substantial cost.

Section 440 of the Act provides, in relevant part:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney[s'] fee[s], witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney[s'] fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

With respect to an award of attorneys' fees under Section 440 of the Act, the Supreme Court has indicated that Section 440 demonstrates "a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the [A]ct, including the benefit of a suspension, *where a monetary award is not possible*." *Weidner II*, 442 A.2d at 244 (emphasis added). Even prior to the Supreme Court's decision in *Weidner II*, however, this Court had already recognized that Section 440 "is intended to deter unreasonable contests of workers' claims and to ensure that successful claimants receive compensation undiminished by [the] costs of litigation." *Poli v. Workmen's Comp. Appeal Bd.*, 384 A.2d 596, 597-98 (Pa. Cmwlth. 1978). In line with this legislative

intent and despite the General Assembly's use of the word "may," this Court has always interpreted Section 440 to mean that "attorney[s'] fees shall be awarded *unless* a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney[s'] fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's . . . contest is reasonably based." *Weidner v. Workmen's Comp. Appeal Bd.*, 332 A.2d 885, 887 (Pa. Cmwlth. 1975) (emphasis added); s*ee New Alexandria Borough v. Workers' Comp. Appeal Bd. (Tenerovich)*, 157 A.3d 549, 557-58 (Pa. Cmwlth. 2017); *Thompson v. Workers' Comp. Appeal Bd. (Cinema Ctr.)*, 981 A.2d 968, 972 (Pa. Cmwlth. 2009); *Yeagle v. Workmen's Comp. Appeal Bd. (Stone Container Corp.)*, 630 A.2d 558, 559 (Pa. Cmwlth. 1993).

In fact, in *Mason*, this Court specifically addressed the issue of "whether attorney[s'] fees should be automatically assessed against [an employer] under Section 440 of [t]he [Act] . . . even though [the employer] had a reasonable basis to contest a claim." *Mason*, 600 A.2d at 242. In *Mason*, the employer sought a modification of the claimant's benefits. *Id.* at 243. In support thereof, the employer offered the opinion of the claimant's former treating physician, who opined that the claimant was capable of performing a light-duty janitorial/cleaning position. *Id.* The referee[5] rejected that medical opinion in favor of the opinion of the claimant's physician, who indicated that, if the claimant were to perform the janitorial/cleaning position, his work-related condition would worsen. *Id.* Based on this credibility determination, the referee concluded that the claimant's work-related disability had not changed. *Id.* The referee further concluded that the employer failed to establish

---

[5] Prior to the 1993 amendments to the Act, WCJs were referred to as referees. *See King v. Workmen's Comp. Appeal Bd. (K-Mart Corp.)*, 664 A.2d 1087, 1088 n.1 (Pa. Cmwlth. 1995), *rev'd*, 700 A.2d 431 (Pa. 1997).

a reasonable basis for its modification petition and, pursuant to Section 440 of the Act, was liable to pay the claimant's reasonable attorneys' fees. *Id.* The Board concluded that the employer presented a reasonable basis to support its modification petition and reversed the referee's award of attorneys' fees. *Id.*

On appeal to this Court, we stated:

> [The c]laimant contends that since [the e]mployer failed to sustain its burden of proof to support its modification petition . . . , the referee was correct in concluding that [the e]mployer failed to establish a reasonable basis for contest. According to [the c]laimant, under Section 440, paragraph two, [the e]mployer is not entitled to a defense of reasonable contest to avoid liability for [the c]laimant's attorney[s'] fees. [The claimant's] theory is that paragraph two is designed to avoid penalizing a claimant who prevails in modification proceedings whereby benefits would otherwise be reduced by twenty percent if counsel fees were deducted from the claimant's benefits. [The c]laimant advances no support for his theory other than presenting humanitarian arguments and making reference to a dissent in *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, . . . 528 A.2d 580 ([Pa.] 1987), in which the dissenting justice stated that Section 440 seems to provide that even where a reasonable contest is established, a successful claimant is still entitled to attorney[s'] fees. That is not, however, the holding of the majority opinion in *Farquhar* nor of any cases decided within this Commonwealth interpreting Section 440's exception to [the] assessment of attorney[s'] fees.

> [The e]mployer, on the other hand, argues that it established a case for modification of benefits . . . . Nonetheless, [the e]mployer asserts that the reasonableness of its contest should not be based upon the lack of its success in pursuing modification but rather upon whether the employer has an objective basis for its actions . . . . Moreover, Section 440 of the Act does not provide that attorney[s'] fees must be automatically assessed against [the e]mployer inasmuch as paragraph one is

12

> controlling as to when an assessment may be made. [The e]mployer's position is supported by case law.

*Id.* at 243-44.[6] After reviewing case law addressing what it means for the employer to present a reasonable contest and applying such case law to the facts of the case, we concluded that the employer presented a reasonable basis to support its modification petition, and we affirmed the Board's decision. *Id.* at 244. In so doing, we reasoned:

> [I]n construing Section 440 [of the Act], it is reasonable to conclude [that] the legislature intended that paragraphs one and two are to be read together. Hence, the caveat included in paragraph two that [the] "claimant shall be entitled to an award of reasonable costs as hereinabove set forth," must be presumed to refer to the exception to assessment of costs set forth in paragraph one—that is, attorney[s'] fees may be excluded when a reasonable basis for the contest has been established. Any other interpretation would be inconsistent with legislative intent.

*Id.* Although not explicitly set forth in our decision, given the procedural posture of the case and our holding—*i.e.*, we affirmed both the Board's conclusion that the employer presented a reasonable basis to support its modification petition and the Board's reversal of attorneys' fees—we ultimately concluded that attorneys' fees are not automatically awarded to a successful claimant under Section 440 when the employer has presented a reasonable contest. *Id.* at 242-44.

Here, Claimant asks us to depart from this long-standing precedent and permit him and other similarly situated claimants—*i.e.*, claimants who are forced to defend against a termination petition involving only medical benefits (no wage loss) and,

---

[6] While we recognize that *Mason* was decided under a prior version of Section 440 of the Act, upon comparison of the current version of Section 440 to the version of Section 440 in effect at the time this Court decided *Mason*, we cannot find any differences that would make our holding in *Mason* inapplicable to the present matter.

13

therefore, are not able to compensate their attorneys under a traditional contingent fee arrangement—to recover attorneys' fees under Section 440 of the Act even when the employer has presented a reasonable contest. While we are not blind to the fact that this case is factually distinguishable from *Mason* because the claimant in *Mason* was receiving indemnity benefits, the factual circumstances of a particular claimant do not drive a court's construction of a statute. That Claimant has no wage loss and thus cannot compensate his counsel for this discrete matter through a contingent fee arrangement does not persuade us that our prior interpretation of Section 440 of the Act is incorrect. As a result, we cannot conclude that the Board erred by interpreting Section 440 of the Act to preclude an award of attorneys' fees to a prevailing claimant where the employer establishes a reasonable basis for the contest.

### B. Reasonable Basis to Support Termination Petition

Claimant argues that the Board erred by affirming the WCJ's finding that Employer had a reasonable basis to support its Termination Petition, because, at the time that it filed its Termination Petition, Employer did not possess unequivocal prima facie evidence that Claimant had fully recovered from his August 22, 2016 work-related injury. More specifically, Claimant contends that the best evidence Employer had in its possession at the time it filed its Termination Petition was Dr. Barr's report, and, in his report, Dr. Barr did not opine with a reasonable degree of medical certainty that Claimant had fully recovered from his August 22, 2016 work-related injury; rather, Dr. Barr opined with a reasonable degree of medical probability that Claimant had reached maximum medical improvement. Claimant further contends that, given the factual circumstances surrounding this case—*i.e.*, that Employer sent Claimant for an IME less than six months after he sustained his work-related injury, that Employer did not provide Dr. Barr with Claimant's relevant

14

treatment records, and that Employer knew Claimant would not be able to hire an attorney due to the fact he was not receiving indemnity benefits—Employer filed its Termination Petition not to resolve a genuinely disputed issue but to harass Claimant.

In response, Employer argues that the WCJ properly found that Employer presented a reasonable contest in connection with the filing of its Termination Petition. More specifically, Employer contends that its contest in this matter was reasonable because the parties' medical experts, Dr. Barr and Dr. Dua, expressed differing opinions regarding whether Claimant had fully recovered from his August 22, 2016 work-related injury. Employer further contends that Dr. Barr's report provided Employer with a reasonable basis to file its Termination Petition because, in such report, Dr. Barr clearly opined that Claimant "'ha[d] recovered from [his] low back strain.'" (Employer's Br. at 17 (citing R.R. at 145a).) Employer suggests that, by arguing to the contrary, Claimant: (1) fails to acknowledge that, at the same time he issued his report, Dr. Barr also issued a Physician's Affidavit of Recovery; and (2) focuses on only a few select phrases of Dr. Barr's report and "ignores the longstanding disinclination to rely on 'magic words'"—*i.e.*, "reasonable degree of medical certainty" and "fully recovered." (Employer's Br. at 16.) Employer also contends that, while Claimant argues Employer filed its Termination Petition to harass Claimant rather than to resolve a genuinely disputed issue, Claimant has failed "to indicate in what manner Claimant was 'harassed' other than to have to defend his entitlement to medical benefits from an allegation of full recovery." (Employer's Br. at 19.)

"Whether an [e]mployer's contest of liability is reasonable is a question of law reviewable by this Court." *Capper v. Workers' Comp. Appeal Bd. (ABF Freight*

15

*Sys., Inc.*), 826 A.2d 46, 50-51 (Pa. Cmwlth. 2003). "A reasonable contest may be established where medical evidence is conflicting or is susceptible to contrary inferences and where there is an absence of evidence that the employer's contest was frivolous or filed for purposes of harassment." *Mason*, 600 A.2d at 244. "The employer [bears] the burden of presenting sufficient evidence to establish a reasonable basis for its contest." *Thompson*, 981 A.2d at 973. "[A]n employer[, however,] is not held to the standard of proving its evidence is legally sufficient in order to establish reasonableness." *Capper*, 826 A.2d at 51. In other words, the employer need not be successful on the merits to establish a reasonable contest.

Here, Dr. Barr opined with a reasonable degree of medical certainty that Claimant had fully recovered from and did not require any further treatment in connection with his August 22, 2016 work-related low back sprain and left hip sprain. Although Employer was not successful on the merits of its Termination Petition, Dr. Barr's opinion provided Employer with a reasonable basis to support its Termination Petition. Claimant nevertheless suggests that Employer did not possess sufficient evidence to support its Termination Petition at the time that it was filed because, in his report, Dr. Barr opined with a reasonable degree of medical probability, rather than a reasonable degree of medical certainty, that Claimant had reached maximum medical improvement, not that Claimant had fully recovered from his August 22, 2016 work-related injury. We disagree.

First, Dr. Barr specifically indicated in his report that Claimant "appears [to have] recovered from this low back sprain" and that "[n]o further treatment [was] indicated." (R.R. at 144a-45a.) Second, Dr. Barr included with his report a Physician's Affidavit of Recovery, which specifically indicated that Claimant had fully recovered from his August 22, 2016 work-related injury as of

16

February 21, 2017. (*Id.* at 147a.) Third, while Dr. Barr may not have used the specific words "fully recovered" in his report and may have indicated that his opinions were held "with a reasonable degree of medical probability" rather than a "reasonable degree of medical certainty," these facts are not dispositive. During his deposition, Dr. Barr explained that, in the medical community, the phrases "reasonable degree of medical probability" and "reasonable degree of medical certainty" are used interchangeably. We have also previously held that "medical experts need not utilize magic words, so long as the expert's testimony[—or in this case the expert's report—]taken as a whole fairly supports the proposition at issue." *Hoffmaster v. Workers' Comp. Appeal Bd. (Senco Prods., Inc.)*, 721 A.2d 1152, 1156 (Pa. Cmwlth. 1998). In addition, given that Employer offered Dr. Barr's opinion of full recovery to support its Termination Petition, we do not see, and Claimant has not identified, how Employer could have filed its Termination Petition solely with the intent to harass Claimant. For all of these reasons, we cannot conclude that the Board erred by affirming the WCJ's finding that Employer had a reasonable basis to support its Termination Petition.

### C.  WCJ's Approval of Reasonable Attorneys' Fees

Claimant argues that the Board erred by affirming the WCJ's finding that $2,000 for attorneys' fees—rather than the $14,040 documented in the Affidavit— were reasonable. More specifically, Claimant contends that, in order to have reduced the amount of attorneys' fees requested in the Affidavit to $2,000, the WCJ would have had to find that Claimant's counsel spent a total of only 5 hours on this case. Claimant suggests that this is physically impossible given that: (1) Claimant's counsel attended five hearings and Dr. Barr's deposition, prepared for the hearings

17

and deposition, and drafted documents; and (2) travel time to and from the hearings alone exceeded five hours.[7]

Section 442 of the Act, 77 P.S. § 998, added by the Act of February 8, 1972, P.L. 25, requires workers' compensation judges to approve all counsel fees agreed upon between a claimant and his attorney. Its purpose is to "protect[] claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements." *Weidner II*, 442 A.2d at 244. It provides, in relevant part:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board . . . shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.
>
> In cases where the efforts of claimant's counsel produce a result favorable to the claimant but where no immediate award of compensation is made, such as in cases of termination or suspension, the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

77 P.S. § 998.

Although the WCJ did not specifically reference Section 442 of the Act in his decision, it is apparent to this Court that the WCJ made a finding that $2,000 in attorneys' fees was a reasonable fee for Claimant's attorney to charge to represent Claimant in this matter in accordance with his obligations under Section 442 of the

---

[7] Claimant further argues that he is entitled to an award of attorneys' fees not only for the time expended by his attorney before the WCJ but also for any time expended in pursing the appeals before the Board and this Court. Given our disposition above—*i.e.*, that Claimant is not entitled to an award of attorneys' fees under Section 440 of the Act—we need not address this argument.

18

Act. In making this finding, however, the WCJ did not provide any explanation as to how he determined that $2,000 in attorneys' fees was reasonable. In other words, the WCJ did not set forth what he believed to be a reasonable hourly rate or a reasonable number of hours for Claimant's attorney to have spent in representing Claimant in this matter. For these reasons, we are unable to determine whether the WCJ committed an error of law or abused his discretion in finding that attorneys' fees in the amount of $2,000—rather than the $14,040 documented in the Affidavit—was reasonable. We must, therefore, vacate those portions of the WCJ's and Board's decisions finding that $2,000 was a reasonable fee for Claimant's counsel to have charged Claimant to represent him in this matter and remand the matter to the Board with instructions to remand the matter to the WCJ for the issuance of new findings of fact and conclusions of law consistent with this opinion.

## IV. CONCLUSION

Accordingly, we affirm, in part, and vacate in part, the Board's order, and we remand the matter to the Board for further proceedings consistent with this opinion.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Lorino,      :
     Petitioner  :
          :
  v.       :  No. 1217 C.D. 2019
          :
Workers' Compensation Appeal Board :
(Commonwealth of Pennsylvania),  :
     Respondent  :

# **O R D E R**

AND NOW, this 19th day of August, 2020, the order of the Workers' Compensation Appeal Board (Board) is hereby AFFIRMED, in part, and VACATED, in part, and the matter is REMANDED to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

<br>

               _____

               P. KEVIN BROBSON, Judge