**[J-58-2021]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| VINCENT LORINO, | : | No. 8 EAP 2021 |
| | : | |
| Appellant | : | Appeal from the Order of |
| | : | Commonwealth Court entered on |
| | : | August 19, 2020 at No. 1217 CD |
| v. | : | 2019 affirming in part, vacating in |
| | : | part and remanding the order |
| | : | entered on August 8, 2019 by the |
| WORKERS' COMPENSATION APPEAL | : | Workers' Compensation Appeal |
| BOARD (COMMONWEALTH OF | : | Board at No. A18-0834. |
| PENNSYLVANIA), | : | |
| | : | ARGUED: September 23, 2021 |
| Appellee | : | |

**OPINION**

**JUSTICE TODD**                                         **DECIDED: December 22, 2021**

In this appeal by allowance, we consider the propriety of the Commonwealth

Court's construction of Section 440 of the Workers' Compensation Act ("WCA" or "Act"),

77 P.S. § 996, as precluding an award of attorney's fees to a claimant when an employer

has established a reasonable basis for seeking a termination of benefits. We conclude

that the Commonwealth Court's interpretation of Section 440 is contrary to the statute's

express language, and, therefore, we reverse in part and remand.

Appellant Vincent Lorino worked as an equipment operator for the Pennsylvania

Department of Transportation ("Employer") for nearly 11 years. On August 22, 2016,

Appellant slipped on the running board of the truck he used for work and fell backwards,

injuring his lower back and left hip. Employer, through its insurer, Inservco Insurance

Services, Inc. ("Insurer"), accepted liability for a low back sprain/tear and a left hip

sprain/tear pursuant to two medical-only notices of compensation payable ("NCP"). Appellant did not miss any work because of his injury, and did not receive wage or indemnity benefits, but Insurer paid for periodic medical treatment, which primarily consisted of epidural spinal injections.

In February 2017, Employer referred Appellant to Dr. Lawrence Barr, a board-certified orthopedic surgeon, for an independent medical examination ("IME"). Dr. Barr determined that Appellant had fully recovered from his injuries, that any pain Appellant experienced was the result of pre-existing degenerative disc disease, and that Appellant required no further treatment. As a result, on March 10, 2017, Employer filed a petition to terminate Appellant's treatment, asserting that he had fully recovered from his work-related injury as of February 21, 2017.

Appellant retained counsel for the hearing on Employer's termination petition. At the hearing, Appellant testified that he had been receiving treatment from Dr. Shivani Dua, who administered epidural steroid injections to alleviate the pain in his back and left hip. Appellant explained that, while the steroid injections would alleviate his pain for a few months, the pain would slowly return, at which point he would need to return to Dr. Dua for additional injections. Appellant indicated that he received his most recent injection in January or February 2017, approximately two to three weeks before the IME. Appellant further stated that, at the time of the IME, his lower back pain had temporarily improved. Appellant disputed Dr. Barr's conclusion that he had fully recovered from his injury, claiming that he still experienced pain; continued to see Dr. Dua for treatment; used over-the-counter pain medication; performed at-home physical therapy exercises; and used hot and cold therapy on his back after standing for extended periods of time at work. Appellant submitted medical reports from Dr. Dua to substantiate these assertions.

At the conclusion of the hearing, Appellant requested, in addition to continued medical benefits, $14,050 in attorney's fees pursuant to Section 440 of the WCA, *see infra*. Appellant asserted that, because he received only medical benefits, he was unable to retain the services of an attorney based on a traditional contingent fee arrangement, and instead was required to enter into an hourly-rate fee agreement. Appellant's counsel's hourly rate was $400.

On July 10, 2018, the workers' compensation judge ("WCJ") denied Employer's termination petition. Although the WCJ found that Employer established a reasonable basis for its termination petition based on Dr. Barr's opinion, it ultimately determined, based on Dr. Dua's medical reports, that Employer had not met its burden of proving that Appellant had fully recovered from his injury. Additionally, the WCJ denied Appellant's request for an award of attorney's fees under Section 440; instead, the WCJ opined that $2,000 was a reasonable sum for attorney's fees in this case, and, pursuant to Section 442 of the WCA,[1] determined that Appellant was responsible for that amount.

---

[1] Section 442 of the WCA provides:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.
>
> In cases where the efforts of claimant's counsel produce a result favorable to the claimant but where no immediate award of compensation is made, such as in cases of termination or suspension, the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum. In the case of compromise and release settlement agreements, no counsel fees shall exceed twenty per centum of the workers' compensation settlement amount.

Appellant and Employer both sought further review before the Workers' Compensation Appeal Board ("Board"). The Board affirmed the WCJ's decision, concluding that, based on Dr. Barr's opinion, Employer presented a reasonable basis to support its termination petition. The Board further determined that Appellant failed to provide any support for his assertion that he was entitled to attorney's fees under Section 440 even where the WCJ concluded that Employer established a reasonable basis for its petition. Appellant appealed to the Commonwealth Court.

The Commonwealth Court, in an unpublished memorandum opinion, affirmed the Board's order in relevant part, holding, *inter alia*, that Appellant was not entitled to attorney's fees under Section 440 of the Act because Employer had a reasonable basis for its termination petition.[2] *Lorino v. WCAB (Commonwealth of Pennsylvania)*, 1217 C.D. 2019 (Pa. Cmwlth. filed Aug. 19, 2020). Initially, the court observed that Section 440(a) provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of

---

77 P.S. § 998. The purpose of Section 442 is to protect claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements. *Weidner v. WCAB*, 442 A.2d 242, 244 (Pa. 1982).

[2] The Commonwealth Court vacated the portion of the WCJ's decision finding that $2,000 was a reasonable award for Appellant's attorney's fees. The court noted that the WCJ did not explain the basis for his conclusion that $2,000 (as opposed to the $14,040 documented in Appellant's attorney's affidavit) was a reasonable amount, as the WCJ neither stated what he believed was a reasonable hourly rate, nor what he believed was a reasonable number of hours to spend on Appellant's representation. Thus, the court directed that the matter be remanded to the WCJ for the issuance of new findings of facts and conclusions of law on that issue.

> unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a).

After noting that the purpose of Section 440 is to protect claimants from unreasonable contests by employers, the Commonwealth Court stated:

> In line with this legislative intent and despite the General Assembly's use of the word "may," this Court has always interpreted Section 440 to mean that "attorney[s'] fees shall be awarded *unless* a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney[s'] fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's . . . contest is reasonably based."

*Lorino*, 1217 C.D. 2019 at 10-11 (quoting *Weidner v. WCAB*, 332 A.2d 885, 887 (Pa. Cmwlth. 1975)) (emphasis added by Commonwealth Court).[3]

Appellant filed a petition for allowance of appeal, and we granted review to consider whether the Commonwealth Court improperly held that the language of Section 440(a) precludes an award of attorney's fees where there was a reasonable basis for the employer's contest. As the instant matter involves the interpretation of a statute, our

---

[3] The Commonwealth Court suggested that its interpretation was consistent with "long-standing precedent," *Lorino*, 1217 C.D. 2019 at 13, particularly its decision in *Mason v. WCAB (Wheeling-Pittsburgh Steel Corporation)*, 600 A.2d 241 (Pa. Cmwlth. 1991), in which the court stated that "attorney's fees are not automatically awarded to a successful claimant under Section 440 when the employer has presented a reasonable contest." *Lorino*, 1217 C.D. 2019 at 13. The court acknowledged that the present case is factually distinguishable from *Mason*, in that Mason was receiving indemnity benefits; however, it concluded that "the factual circumstances of a particular claimant do not drive a court's construction of a statute," and declared that the fact that Appellant "has no wage loss and thus cannot compensate his counsel for this discrete matter through a contingent fee arrangement does not persuade us that our prior interpretation of Section 440 of the Act is incorrect." *Id.* at 14. In the instant case, however, Appellant does not advocate for an *automatic* award of attorney's fees to a successful claimant where the employer's contest was reasonable; rather, his position is that such an award is discretionary.

standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Lynn*, 114 A.3d 796, 817-18 (Pa. 2015).

Appellant contends that the Commonwealth Court erred in holding that he was not entitled to attorney's fees under Section 440 simply because the WCJ found that Employer had a reasonable basis for its contest. In support of his position, Appellant observes that Section 440(a) provides that, where a claimant prevails in a contested case, in addition to the award for compensation, the claimant "*shall be awarded*" a reasonable sum for costs incurred for attorney's fees, whereas, when a reasonable basis for the contest has been established by the employer or the insurer, attorney's fees "*may be excluded.*" Appellant's Brief at 10 (quoting 77 P.S. § 996) (emphasis original). Appellant asserts that the legislature's use of the word "may" instead of "shall" in discussing the exclusion of attorney's fees demonstrates that the legislature did not intend for attorney's fees to be excluded in every reasonable contest case; otherwise, the legislature would have used the words "shall be excluded." *Id.* Along these lines, Appellant highlights that this Court has concluded that, where the General Assembly uses both "may" and "shall" in the same section of a statute, it intends for those terms to have distinct meanings. *Id.* at 12 (citing *Zimmerman v. O'Bannon*, 442 A.2d 674, 677 (Pa. 1982)). Appellant further suggests that the Commonwealth Court, in construing Section 440(a) as precluding an award of attorney's fees whenever a reasonable basis for the employer's contest has been established, improperly replaced the term "shall" for the term "may" in Section 440's proviso, and that its action in this regard violated principles of statutory construction and the doctrine of separation of powers. *Id.* at 21.

Additionally, Appellant submits that the Commonwealth Court's holding places medical-only claimants in the unfavorable position of either representing themselves in termination proceedings or paying for their attorney. Appellant notes that, given that

medical-only claimants do not collect wage/indemnity benefits, paying for an attorney out-of-pocket may be cost-prohibitive. Appellant adds that, given the Act's humanitarian and remedial purpose, "it is patently unreasonable and contrary to legislative intent to impose necessary fees incurred in *successfully* defending an insurance carrier's challenge to a medical-only case, since there is no way for that claimant to obtain counsel through a contingent fee agreement" and a medical-only claimant does not stand to profit financially from the filing of the termination petition. Appellant's Brief at 19 (emphasis original).[4]

In response, Employer argues that the Commonwealth Court properly interpreted Section 440 as requiring an award of attorney's fees only in cases where an employer has made an unreasonable contest. Noting that the purpose of Section 440 is to protect claimants against unreasonable contests, Employer maintains that, once an employer establishes a reasonable contest, there is no need to award attorney's fees to protect a claimant. Employer contends that this interpretation is consistent with the Commonwealth Court's decision in *Mason*, in which the court specifically rejected the claimant's argument that he was entitled to attorney's fees even though the employer had established a reasonable basis for its contest. Employer submits that, because there was substantial, competent evidence to support the WCJ's finding that Employer presented a reasonable contest in this matter, Appellant's request for attorney's fees under Section 440 was properly denied. Employer further notes that Appellant's counsel may seek attorney's

---

[4] The Pennsylvania Association for Justice filed an *amicus* brief in support of Appellant, echoing his arguments that the Commonwealth Court ignored the specific language of Section 440(a). It further reiterates Appellant's claim that the Commonwealth Court's construction of Section 440 negatively impacts medical-only claimants by forcing them to choose between proceeding without representation, accepting the insurance company's settlement offer, or retaining an attorney based on an hourly fee, which itself may be difficult, and risk being obliged to pay out-of-pocket.

fees owed pursuant to Section 442, acknowledging, however, that such fees are not paid by the employer.

Finally, Employer posits that allowing a claimant to recover attorney's fees where an employer has established a reasonable basis for its contest will result in increased workers' compensation costs; create a chilling effect on an employer's ability to contest a claim; and require judges to exercise discretion without any guidance or standards upon which to rely.

It is axiomatic that, in interpreting a statute, this Court's objective is to ascertain and give effect to the intent of our General Assembly. 1 Pa.C.S. § 1921(a). The best expression of this intent is found in the statute's plain language. *Cagey v. Commonwealth*, 179 A.3d 458, 462 (Pa. 2018). Further, we may not disregard the plain language under the guise of giving effect to its spirit. 1 Pa.C.S. § 1921(b); *Ramich v. W.C.A.B. (Schatz Electric, Inc.)*, 770 A.2d 318, 322 (Pa. 2001). Only when the language of a statute is ambiguous may courts consider statutory factors to discern legislative intent. 1 Pa.C.S. § 1921(c); *Ramich,* 770 A.2d at 322.

Upon review, we conclude that the Commonwealth Court's interpretation of Section 440 is contrary to its express language. As noted above, Section 440(a) provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate . . . , the employe . . . in whose favor the matter at issue has been finally determined in whole or in part *shall* be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees *may* be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added).

The term "shall" establishes a mandatory duty, whereas the term "may" connotates an act that is permissive, but not mandated or required. Indeed, in *Ramich*, we specifically addressed the term "shall" in the context of Section 440(a) when we considered whether a claimant must request attorney's fees on the record in order to receive such an award. In holding there was no such requirement, we observed: "[t]he language of Section 440(a) is plain and unambiguous. The legislature used 'shall' to describe the duty of the WCJ in awarding fees for an unreasonable contest and it is clear that this provision is a mandatory directive." 770 A.2d at 322.[5]

Furthermore, we have explained that, when the legislature uses the terms "shall" and "may" in the same section of a statute, it is a clear indication that the legislature intends certain actions to be mandatory, and others discretionary. For example, our decision in *Zimmerman* is illustrative in that regard. Therein, despite the Attorney General's determination that certain proposed agency regulations were without statutory authority, the agency published the regulations in the Pennsylvania Bulletin, rendering them immediately effective. The Attorney General sought to stay promulgation of the regulations pursuant to Section 204(b) of the Commonwealth Attorneys Act, 71 P.S. § 732-101 *et seq.* The Commonwealth Court denied the application for stay, and the Attorney General appealed.

In reversing the Commonwealth Court's decision and rejecting the agency's argument that the Attorney General's right to a stay was governed by the traditional rules of appellate procedure, we observed the distinct uses of "shall" and "may" in Section 204(b). Under that act, the Attorney General "shall review" all proposed rules and regulations of Commonwealth agencies; if the Attorney General determines that a rule or regulation is, *inter alia*, unconstitutional, he "shall notify" the agency affected within 30

---

[5] As the WCJ determined that the employer's contest was unreasonable in *Ramich*, we did not address the last sentence of Section 440(a) at issue herein.

days; and the Commonwealth agency "may revise" the rule or regulation and resubmit it for review. Alternatively, the agency "may promulgate" the rule or regulation with or without revisions and "shall publish" it with a copy of the Attorney General's objections. The Attorney General "may appeal" the decision of the agency by filing a petition for review with the Commonwealth Court, and "may include" in the petition a request for a stay or supersedeas of the implementation of the rule or regulation which upon a proper showing "*shall be granted.*" 71 P.S. § 732-204(b) (emphasis added). If a rule or regulation has been submitted to the Attorney General and he has not approved it or objected to it within 30 days, the rule or regulation "shall be deemed" to have been approved.

We explained that the legislature's use of the word "shall" in the phrase italicized above required the court to grant the Attorney General's requested stay, as the term conveyed a lack of judicial discretion:

> In this case we have more than the force of the legislative presumption to demonstrate the intention of the legislature in its choice of the word "shall" in the drafting of this particular section. The legislature, in section 204(b), uses the word "shall" five times and the word "may" four times. Excluding the use of the word "shall" that is presently questioned, it is clear from the other instances where the word was used in this subsection that the General Assembly intended a mandatory connotation. This fact is further emphasized by the consistent use of the word "may" where the action was intended to be permissive.

*Zimmerman*, 442 A.2d at 677.

Based on the established meaning of the terms "shall" and "may," under Section 440, when a contested case is resolved in favor of an employee, a reasonable sum for attorney's fees *shall* be awarded to the claimant. Such an award is *mandatory*. Where, however, the employer has established a reasonable basis for the contest, an award of attorney's fees *may* be excluded. In other words, the WCJ is *permitted*, *but not required*,

to exclude an award of attorney's fees. The Commonwealth Court below, in "always interpret[ing] Section 440 to mean that 'attorney[s'] fees shall be awarded *unless* a reasonable basis for the employer's contest has been established,'" *Lorino,* No. 1217 C.D. 2019 at 11, disregarded the distinction between the terms "shall" and "may," and failed to recognize the discretion afforded to the workers' compensation judges to award attorney's fees even when they find a reasonable basis for an employer's contest.[6]

To be clear, we do not suggest that, under Section 440, a WCJ may never deny an award of attorney's fees when the employer has established a reasonable basis for its contest. As explained above, the language of Section 440 affords the WCJ *discretion* to refuse an award of attorney's fees in such circumstances.[7] Rather, it is the Commonwealth Court's interpretation of Section 440 as a *per se* disqualification of an award of claimant's attorney's fees where the employer has established a reasonable basis for its contest which is contrary to the plain language of the statute.[8]

For the foregoing reasons, we reverse in part the decision of the Commonwealth Court and remand the matter for proceedings consistent with this Opinion.

---

[6] The Commonwealth Court arguably recognized that its construction of Section 440 is contrary to the express language of the statute, as evidenced by its statement that, "*despite the General Assembly's use of the word 'may'* this Court has always interpreted Section 440 to mean that 'attorney[s'] fees shall be awarded unless a reasonable basis for the employer's contest has been established . . . .'" *Lorino,* 1217 C.D. 2019 at 11 (emphasis added) (citation omitted). In its brief, Employer "concedes that the Commonwealth Court's choice of words in its decision was, at worst, inartful," but disputes that it usurped the power of the legislature or rewrote Section 440(a). Employer's Brief at 10.

[7] We are unpersuaded by Employer's position that we should reject the conclusion that Section 440(a) gives workers' compensation judges discretion to award attorney's fees because no standards are provided. We are confident judges will apply their discretion based on the humanitarian and remedial purposes which underlie the WCA.

[8] Given our interpretation is based upon the plain and unambiguous language of Section 440, we need not consider the parties' arguments relating to other statutory factors, including, for example, policy arguments in favor of their respective interpretations. *See* 1 Pa.C.S. § 1921(c) (courts may consider statutory factors to discern legislative intent only when the language of a statute is ambiguous).

Chief Justice Baer and Justices Saylor, Donohue, Dougherty, Wecht and Mundy join the opinion.